## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES, | § |
| | § |
| | § Cr. No. C-11-207-1 |
| v. | § |
| | § |
| ARTURO GOMEZ. | § |

### ORDER DENYING MOTION FOR EXTENSION
### OF TIME TO FILE MOTION UNDER 28 U.S.C. § 2255

Pending before the Court is Arturo Gomez' motion for an extension of time to file a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 208. The motion is denied.

After pleading guilty to one drug conspiracy and one money laundering count, Gomez was originally sentenced to 300 months imprisonment on November 17, 2011. D.E. 183. Judgment was entered on the docket on November 22, 2011. Id. Gomez did not appeal. His Judgment became final when the time to appeal expired on December 6, 2011. See Fed. R. App. P. 4(b)(1)(A); Clay v. United States, 537 U.S. 522, 123 S. Ct. 1072, 1078-79 (2003) (judgment becomes final when the applicable period for seeking review of a final conviction has expired); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam).

On September 14, 2012, the Court resentenced Gomez and entered an amended judgment. D.E. 207. That judgment was entered on the docket on September 17, 2012. Id.

On October 19, 2012, the Clerk received Gomez' motion for an extension to file his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 208.

Gomez claims that he has limited access to a law library and is concerned that his motion cannot be completed and timely filed.

As an initial matter, the Court notes that the deadline for Gomez to file a § 2255 motion has not yet passed. A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255.  Thus, Gomez has one year from December 6, 2011, to file his § 2255 motion, as calculated under 28 U.S.C. § 2255(1). The statute also provides certain alternative dates upon which the limitations period may begin, see 28 U.S.C. § 2255(2)-(4) and is also subject to equitable tolling "in rare and exceptional cases." United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)).

To the extent that Gomez files his motion later than December 6, 2012, equitable tolling and statutory tolling are available only in very limited circumstances. Moreover, the Court cannot consider a motion for extension or for tolling without a § 2255 motion before it. See United States v. Shipman, 61 Fed. App'x. 919, 2003 WL 1111561 (5th Cir., February 19, 2003) (per curiam) (designated unpublished) (affirming the district court's denial of a motion for extension of time to file a § 2255 motion filed without a motion on the merits, and agreeing with the reasoning of United States v. Leon, 203 F.3d 162 (2d Cir. 2000) that "a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed" because "[b]efore the petition itself is actually filed, 'there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory.'").

2

Accordingly, if Gomez wishes to file a § 2255 motion, he should do so as soon as possible. If he chooses to file a § 2255 motion, but does not file it before December 6, 2012, the Court will then have the jurisdiction to determine whether his is one of the rare and exceptional cases where tolling would be appropriate. The Court reaches no conclusions herein as to whether Gomez would be entitled to tolling as to any future motion. Instead, the Court will address the timeliness of any § 2255 motion filed by Gomez after it is filed. Until that time, the Court lacks jurisdiction to entertain a motion for extension. See Shipman, supra.

## CONCLUSION

For the foregoing reasons, Gomez' motion for extension (D.E. 208) is DENIED.

SIGNED and ORDERED this 1st day of November, 2012.

_____
HAYDEN HEAD
SENIOR UNITED STATES DISTRICT JUDGE